UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

        Petitioner,

v.

DANIEL LESATZ,

        Respondent.

_____/

Case No. 2:19-cv-12742

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING HABEAS
PETITION [1], DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On September 19, 2019, Kyle Brandon Richards ("Petitioner"), a state prisoner confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Petitioner challenges the Michigan Parole Board's decision to deny him parole. *See id.* at 1. He alleges that the parole board based its decision on: (1) an "inaccurate and clearly erroneous offense and conduct evaluation," (2) "erroneous and inaccurate statistical guideline scoring," and (3) "insufficient and inaccurate mental health information," all in violation of his constitutional rights. *Id.*

**LEGAL STANDARD**

Promptly after a prisoner files a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If, after

1

preliminary consideration, the Court determines that the petition "should be dismissed for lack of merit on its face," the Court has a duty to "screen out" the petition by dismissing it. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). A Court must dismiss petitions if they "raise legally frivolous claims" or if they contain "factual allegations that are palpably incredible or false." *See Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

**DISCUSSION**

I.   Sufficiency of the Habeas Petition

Here, after undertaking the review required by Rule 4, the Court concludes that the petition must be denied. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990) ("It is clear that state prisoners have no federal constitutional right to parole.") Although the Michigan Parole Board "may have been required to follow their own procedural statutes and regulations on parole . . . as a matter of *state* law," there is no "viable legal theory by which Michigan state authorities are required to follow such procedural rules as a matter of *federal* due process." *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) (en banc) (emphasis in original); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011) (holding that "Michigan's 1996 amendments did not affect the holding in *Sweeton*" and that there is still "no 'legitimate claim of entitlement to' parole" and therefore "no liberty interest in parole").

Because Petitioner has no protected liberty interest in parole, he cannot establish that the Michigan Parole Board's decision denying him parole violated his constitutional rights. Additionally, Petitioner neither alleges nor establishes that he is being held beyond the expiration of his sentences. It is clear from the face of his pleading that he fails to state a claim upon which federal habeas relief may be granted. The Court must therefore deny the petition.

II.   Potential Civil Rights Claims

The Court notes that a prisoner may challenge the procedures used by a parole board to deny him parole under 42 U.S.C. § 1983 after exhausting available state remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 82–83 (2005); *Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007) (plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). To the extent that Richards seeks to challenge the parole procedures and requests a new parole hearing, he must bring any such claims in a properly-filed civil rights action. The requirements for pursuing a civil rights action in federal court differ from those for pursuing a habeas proceeding. For example, a plaintiff in a civil rights action must pay a $350.00 filing fee and a $50.00 administrative fee versus a $5.00 filing fee for a habeas action. Petitioner may not circumvent those requirements by filing a joint or hybrid action. Accordingly, the Court dismisses without prejudice any potential civil rights claims. The Court makes no determination as to the merits of any such claims.

III. <u>Certificate of Appealability and Leave to Proceed IFP on Appeal</u>

Before Richards may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds, the court should nonetheless issue a certificate of appealability if "jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right" and "jurists of reason would find it debatable whether the court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims or that jurists of reason would find the Court's procedural ruling as to any potential civil rights claims debatable. The Court will therefore deny Petitioner a certificate of appealability

Lastly, the Court concludes that Petitioner should not be allowed to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a)(3).

4

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that any potential civil rights claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager